COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Decker and Senior Judge Coleman

MARIA ANGELA COOK

v.     Record No. 0581-14-2

VOLVO OF FREDERICKSBURG AND
 VIRGINIA COMMERCE GROUP
 SELF-INSURANCE CORPORATION

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 30, 2014

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Maria Angela Cook, *pro se*, on briefs).

(J. David Griffin; Winchester Law Group, P.C., on brief), for
appellees.


Maria Angela Cook, claimant, appeals a decision of the Workers' Compensation

Commission finding that claimant failed to prove she developed neutropenia as a compensable

consequence of her work accident. On appeal, claimant contends the commission erred by

concluding "there is not a causal connection between [her] Workers' Compensation injury and

the development of neutropenia." Claimant also asserts "the presentation of evidence of [her]

medical history was inaccurate and it has caused the Full Commission to err[] in [its] judgment

[of] her case" and she "provided evidence stating that she had reached maximum medical

improvement for the scarring on her left thigh as instructed by [the deputy commissioner], but

the Full Commission did not render judgment for the scarring." We have reviewed the record

and the commission's opinion and find that this appeal is without merit. Accordingly, we affirm

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

for the reasons stated by the commission in its final opinion.  See Cook v. Volvo of

Fredericksburg, VWC File No. VA00000683021 (Feb. 27, 2014).

Concerning claimant's assignment of error addressing disability benefits for scarring on

her left thigh, footnote one of the opinion of the commission provides:

> The claimant also sought permanent partial disability
> benefits for scarring on her left thigh.  Because there was no
> medical evidence that the claimant had reached maximum medical
> improvement, the Deputy Commissioner noted that the
> Commission would retain "jurisdiction over the permanency issue
> until it is ripe for adjudication, if at all."

Id. at 2 n1.

We dispense with oral argument and summarily affirm because the facts and legal

contentions are adequately presented in the materials before the Court and argument would not

aid the decisional process.  See Code § 17.1-403; Rule 5A:27.

We deny employer's motions to dismiss the appeal, strike the opening brief, and strike

claimant's appendix designation.

Affirmed.